## LEONARD R. CUTTER *vs.* HORATIO WILLIAMS & another.

u two persons own adjoining city lots subject to a contract with the city that the buildings to be erected thereon shall be of a certain size and material, and that the owner who builds first may erect one half of the thickness of his wall upon the lot of the other, who shall pay to him a proportional part of the cost thereof for such part of the wall as he or his heirs or assigns may use or occupy, the wall contemplated by the contract is such as is proper and suitable for the size and kind of building therein described; and, in an action on a bond given to secure the performance of the contract, the owner of one of the lots who has built thereon a building with such a proper and suitable division wall may recover of the other, who has subsequently erected a building covering a portion of the surface thereof, and with timbers not extending half through the same, a proportional part of the cost of the wall, having reference to the surface covered, and not to the thickness.

CONTRACT on a bond executed by the defendants, the condition of which is copied in the margin.*

At the trial in the superior court, before *Wilkinson,* J., it appeared that the plaintiff was owner of lot No. 9, referred to in the condition of the bond, and the defendant Williams was owner of lot No. 10, both having derived their titles under con tracts of the city of Boston.

The fifth provision contained in the contracts of the city stipulated that no building to be erected on either lot should be less than three stories in height, exclusive of basement and attic, or have exterior walls of any other material than brick, stone or iron, or be used except as a dwelling-house or store. The sixth provision was substantially as follows:

So long as said lot remains unoccupied by a building to be

---

* " The condition of this obligation is such, that whereas said Cutter entered into a written agreement, dated the 1st day of May A. D. 1858, with said city of Boston for the conveyance by said city, upon certain conditions in said written agreement contained, to said Cutter or such persons as he should order, of a certain parcel of real estate described in said written agreement as being lot numbered 9 on a plan recorded with the plans of city lands sold, Lib. 2, fol. 126, in the office of superintendent of public lands; and whereas Cephas C. Chamberlain entered into a written agreement with said city for the conveyance, upon certain conditions in said written agreement contained, to said Chamberlain or such persons as he should order, of a certain parcel of real estate described in said last mentioned written agreement as being lot numbered 10 on the same plan above mentioned, which last mentioned written agreement, with his rights therein and thereunder, said Chamberlain has transferred to the abovenamed Horatio Williams, subject to the conditions in both said written agreements contained, so far as applicable thereto, said lots being numbered 9 and 10, being adjoining lots; now if so long as said lot numbered 10 remains unoccupied by a building to be used as a dwelling-house or store, the said Williams, his heirs and assigns shall permit, free of charge, the proprietor of said lot numbered 9 who may build, to erect one half of the thickness of his division wall upon said lot numbered 10, and said Williams, his heirs and assigns shall pay to said proprietor of said lot numbered 9 a proportional part of the costs thereof for such part of said wall as the said Williams, his heirs and assigns may use or occupy, according to the conditions contained in both said written agreements, and numbered 6 therein, then this bond to be null and void; otherwise to remain in full force."

17 *

used for a dwelling-house or store, the said owner, his heirs and assigns shall permit, free of charge, the proprietor of each adjoining lot who may build, to erect one half of the thickness of his division wall on said lot, and shall pay to the said proprietor so erecting such wall a proportional part of the cost thereof, for such part of said wall as he or his heirs or assigns may use or occupy; and the owner of such adjoining lot, his heirs and assigns, when he or they shall erect a building as aforesaid, shall build one half of the thickness of the division wall on each adjoining lot which may be unoccupied as a dwelling-house as aforesaid.

In 1859, the plaintiff erected on lot No. 9 a building four stories in height exclusive of basement and attic, the wall of the first story above the sidewalk being twelve inches thick, and of the three upper stories eight inches thick. In 1860, the defendant Williams erected on lot No. 10 a smaller building three stories in height exclusive of basement and attic, and using to some extent the division wall built by the plaintiff, but not to its full height. The present action was brought to recover his proportion of the expense of this party wall.

The defendants introduced evidence tending to show that a wall of eight inches thick was sufficient for a building like his; and proved that the timbers of the building of Williams do not extend into or rest upon one half of the thickness of the wall as built by the plaintiff, and that the plaintiff's timbers do extend into and rest upon one half of the thickness thereof.

The judge instructed the jury that if the wall erected by the plaintiff was suitable and proper for the buildings contemplated by the bond and contracts, the defendants were bound to pay one half the cost thereof, so far as the building of the defendant Williams covered the same, although the timbers did not extend through one half of the same; and that if the plaintiff erected a thicker or more expensive wall than was suitable and proper for the purposes contemplated and called for by the bond and contracts, then he was entitled to recover one half of the cost or value of a suitable and proper wall, to the extent thereof covered by the building of Williams, as aforesaid.

The jury returned a verdict for the plaintiff, and, in reply to a question by the judge, said that they found that the wall erected by the plaintiff was suitable and proper for the buildings contemplated by the bond and contracts. The defendants alleged exceptions.

*A. C. Clarke,* for the defendants.

*H. G. Parker,* for the plaintiff.

BIGELOW, C. J. The construction given at the trial to the stipulations in the contract with the city concerning the erection of partition walls was sufficiently favorable to the defendants. All parts of the agreement having a relation to each other are to be construed together, in order to arrive at the true intent of the parties. Therefore the clause which provides for the erection of partition walls is to be taken in connection with that which relates to the size and dimensions of the buildings which the parties agreed to erect on their respective lots. It was the duty of the plaintiff, in fulfilment of his contract, to build a wall which should be sufficient and suitable as a partition between houses " not less than three stories in height exclusive of basement and attic, with exterior walls of brick, stone or iron." If he erected a weak or insufficient wall, he would not only have committed a breach of his contract with the city, but also of the implied agreement which he was under to the defendant Williams as an adjoining owner. He could not know the nature or character of the building which Williams might elect to put on his lot. Nor was he bound to inquire. Certainly, if he had built a wall which was not suitable for such buildings as were specified in the contract with the city, he would have been liable to Williams for any damages which might ensue to him in consequence thereof. By erecting a wall which was suitable and proper for the class of buildings contemplated by the contract, under which both parties held the title to their land, the plaintiff has entitled himself to recover of the defendants a proportional part of the cost thereof.

The question then arises how that proportion is to be determined? The answer is found in the words of the contract. It is such " proportional part of the cost thereof for such part of

said wall as he or his heirs or assigns may use or occupy;" that is, such part of said wall as his building may cover, having reference to the surface of the wall and not to its thickness. This construction follows necessarily from the fact established by the verdict, that the wall is such as was fit and proper for the buildings which the parties were bound to build on their land. It is this wall which Williams uses to the extent to which it i covered by his building. The defendants are not made to pay for a structure which is of unnecessary size or cost, or which is unsuitable for the building of Williams, but only for a wall which is such as he would have been bound to erect in order to fulfil the contract under which he holds his estate, and in exact proportion to the extent to which he occupies it.

*Exceptions overruled.*